PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 6 2007

at __ o'clock and 55 min __ M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CHARLES E. DENIS, JR.      Case Number: CR 03-00531SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 2/7/2005

Original Offense:   Count 1: Possession of a Firearm by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence, in violation of 18 U.S.C. § 922(g)(9), a Class C felony;
Count 2: Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j), a Class C felony

Original Sentence:   Thirty-five (35) months imprisonment as to each count, to run concurrently and to be followed by concurrent 3-year terms of supervised release. The following special conditions were also imposed: (1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; (2) that the defendant provide the Probation Office access to any requested financial information; (3) that the defendant participate in a mental health program at the discretion and direction of the Probation Office; (4) that the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; and (5) that the defendant shall have no contact with Kaewanani Colomban unless he has prior permission from the probation officer, including telephone, letters, or direct or indirect contact.

Type of Supervision: Supervised Release      Date Supervision Commenced: 8/29/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition 1:   That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office and which may include residential treatment. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | On 11/24/2006 and 12/7/2006, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1. |
| 2 | On 3/12/2007, 3/16/2007, and 4/10/2007, the subject submitted urine specimens that tested positive for methamphetamine, in violation of Special Condition No. 1 and Standard Condition No. 7. |
| 3 | From 8/29/2006 to 4/12/2007, the subject failed to comply with his child support obligations, in violation of Standard Condition No. 4. |

On 8/29/2006, the subject commenced his concurrent terms of supervised release. On 9/12/2006, the conditions of supervised release were reviewed with and provided to the subject, who acknowledged understanding all of the conditions. In addition, he was referred to the one-year federal drug aftercare program (DAP) at ACCESS Capabilities, Inc. (ACCESS) on the island of Hawaii and instructed to submit to drug testing as part of his treatment program. Finally, the subject was instructed not to leave the island of Hawaii without the prior approval of the Probation Office.

Prob 12B
(7/93)

3

**Violation No. 1 - Refusal to Comply With Drug Testing:** On 11/24/2006, the subject failed to report for drug testing at ACCESS. The subject later left a voice message for this officer, stating that the drug test had "slipped [his] mind."

Before this officer had an opportunity to discuss with the subject his missed drug test on 11/24/2006, the subject again failed to report for drug testing at ACCESS on 12/7/2006. On this occasion, the subject left the island of Hawaii without the prior permission of this officer and had not yet returned when his drug test was scheduled.

The subject was verbally reprimanded for both of his missed drug tests. In addition, this officer reminded the subject that he was required to abide by all of the conditions imposed by the Court.

**Violation No. 2 - Submission of Urine Specimens That Tested Positive for Methamphetamine:** On 3/12/2007 and 3/16/2007, the subject submitted urine specimens at ACCESS that tested positive for methamphetamine. On 3/16/2007, the subject contacted the Probation Office and admitted that he had relapsed over the weekend and had used methamphetamine once. He attributed both positive tests on this one instance of relapse, and a representative from the drug testing laboratory indicated that such a scenario was possible. He asked the Probation Office for assistance and indicated that he was willing to participate in a higher level of substance abuse treatment. The subject was reprimanded and told that any further violations may result in his being taken before the Court for adverse action. In addition, the subject was enrolled in the Intensive Outpatient Program (IOP) at ACCESS and was continued on the most frequent phase of DAP drug testing.

On 4/10/2007, the subject submitted a urine specimen at ACCESS that tested positive for methamphetamine. When questioned by this officer, the subject stated that he had consumed some soda that had been spiked with methamphetamine by an acquaintance. He initially denied that he had known that the soda had been spiked, but eventually admitted that he had knowingly consumed the methamphetamine-spiked soda. The subject was reprimanded once again. However, the subject's substance abuse treatment counselor indicated that the subject might still benefit from continued participation in IOP. As a result, this officer allowed the subject to continue his participation in IOP. However, the subject also agreed to modify his supervision conditions to accommodate the drug testing language required by U.S. v. Stephens and to reflect new substance abuse treatment language that permitted placement in a residential program, if deemed necessary.

**Violation No. 3 - Failure to Support Dependents and Meet Family Responsibilities:** On 4/12/2007, in response to a request from this officer, the Child Support Enforcement Agency (CSEA) of the Hawaii Office of the Attorney General indicated that the subject was not in compliance with his child support obligations. Specifically, CSEA confirmed that the subject had failed to make his required monthly payments of $285 and had an outstanding balance of $17,246.37. When asked about his child support obligations, the subject stated that he had not been aware of the obligation. The subject was reprimanded and instructed to commence making the

Prob 12B
(7/93)

4

required monthly payments. On 5/9/2007, the subject asked this officer where he should send his child support payments, and he was directed to forward his payments to CSEA.

    We recommend that the Court take no further action at this time, as the subject appears to be taking concrete steps to address his problems. In addition, the recommended modifications will permit the Probation Office to administer random drug tests during field contacts throughout the subject's supervision terms.

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release.

    The Federal Public Defender's Office and the U.S. Attorney's Office have been notified of the proposed modification. The Federal Public Defender's Office took no position on the modifications, and no objections were offered by the U.S. Attorney's Office.

Respectfully submitted by,

*/s/ Martin Romualdez*

J. MARTIN ROMUALDEZ
U.S. Probation Officer


Approved by:

*/s/ Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 5/11/2007

Prob 12B
(7/93)

5

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

*/s/ Susan Oki Mollway*
SUSAN OKI MOLLWAY
U.S. District Judge

JUN 2 5 2007
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
of Supervised Release

[ ]  I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

[ ]  I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]   To modify the conditions of supervision as follows:

General Condition   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Special Condition 1   *That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office and which may include residential treatment. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Witness: _/s/ J. Martin Romualdez_
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: _/s/ Charles E. Denis_
CHARLES E. DENIS, JR.
Supervised Releasee

4/20/2007
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_Charles Denis_
Defendant

Print Name: Charles Denis

Date: 6/21/07