Prob 12C
(Rev. 1/06 D/HI)

ORIGINAL

# SEALED BY ORDER OF THE COURT
## United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 30 2007

at __ o'clock and 55 min __ M.
SUE BEITIA, CLERK

U.S.A. vs. CHARLES E. DENIS, JR.                    Docket No. CR 03-00531SOM-01

## REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW MARK T. NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CHARLES E. DENIS, JR., who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 7th day of February 2005, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

5. That the defendant shall have no contact with Kaewanani Colomban unless he has prior permission from the probation officer, including telephone, letters, or direct or indirect contact.

On 6/25/2007, the Court modified the defendant's conditions of supervised release after being notified that the defendant had refused to comply with drug testing, had tested positive for methamphetamine, and had failed to comply with his child support obligations. The following modifications were imposed:

SEALED
BY ORDER OF THE COURT

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition 1: That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office and which may include residential treatment. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1. On 11/24/2006, 12/7/2006, 4/30/2007, and 7/17/2007, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1.

2. On 7/17/2007 and 7/31/2007, the subject failed to participate in substance abuse treatment, in violation of Special Condition No. 1.

3. On 3/12/2007, 3/16/2007, and 4/10/2007, the subject submitted urine specimens that tested positive for methamphetamine, in violation of Special Condition No. 1 and Standard Condition No. 7.

4. From 9/12/2006 to 10/23/2007, the subject failed to comply with his child support obligations, in violation of Standard Condition No. 4.

5. From 2/23/2007 to 10/30/2007, the subject failed to participate in a mental health program, in violation of Special Condition No. 3.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    10/30/2007

MARK T. NUGENT
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 30th day of October, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **DENIS, JR., Charles E.**
      **Criminal No. CR 03-00531SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

On 8/29/2006, the subject commenced his concurrent terms of supervised release. On 9/12/2006, U.S. Probation Officer (USPO) J. Martin Romualdez reviewed the conditions of supervised release with subject. The subject, who acknowledged understanding all of the conditions, was provided with a copy. In addition, he was referred to the 1-year federal drug aftercare program (DAP) at ACCESS Capabilities, Inc. (ACCESS), on the island of Hawaii and instructed to submit to drug testing as part of his treatment program. Finally, the subject was instructed not to leave the island of Hawaii without the prior approval of the Probation Office.

**Violation No. 1 - Refusal to Comply With Drug Testing**: On 11/24/2006, the subject failed to report for drug testing at ACCESS. The subject later left a voice message for USPO Romualdez, stating that the drug test had "slipped [his] mind."

On 12/7/2006, the subject failed to report for drug testing at ACCESS. On this occasion, the subject had left the island of Hawaii without the prior permission of USPO Romualdez and had not yet returned when his drug test was scheduled.

On 4/30/2007, the subject submitted to a drug test at ACCESS. However, after the subject's urine specimen tested presumptively positive for methamphetamine, it was forwarded to a laboratory for further testing. The laboratory tests indicated that the urine specimen was an invalid sample, as it was determined to have been diluted. It should be noted that some offenders will deliberately flush or dilute their systems with other liquids in order to reduce the amount of detectable illicit substances in their urine.

On 7/17/2007, the subject failed to report for drug testing at ACCESS. When questioned, the subject insisted that he had called the drug testing number but did not receive any instructions to report for drug testing. However, it should be noted that the subject was the only federal offender enrolled in federal DAP to miss drug testing on 7/17/2007.

The drug testing protocol was explained to the subject on several prior occasions. He acknowledged that he fully understood the requirements of drug testing. Given that the subject was oriented to the drug testing procedures and submitted to drug testing at ACCESS on previous occasions, his failures to submit to drug testing on the above-referenced dates constitute a refusal to comply with drug testing.

**Violation No. 2 - Failure to Participate in Substance Abuse Treatment**: On 7/17/2007 and 7/31/2007, the subject failed to report for counseling sessions at ACCESS. When questioned, the subject explained that he was having difficulty

Re:  DENIS, JR., Charles E.
     Criminal No. CR 03-00531SOM-01
     **REVOCATION OF SUPERVISED RELEASE**
     STATEMENT OF FACTS - Page 2

securing transportation from his residence to ACCESS. A staff member at ACCESS also indicated that the subject was experiencing problems with his new wife, who may not be assisting the subject with his transportation issues. Despite these circumstances, it should be noted that the protocol and procedure for being excused from any scheduled counseling sessions were explained to the subject at the commencement of his treatment. The subject did not comply with these requirements, and as a result, his failures to report for counseling were not excused.

**Violation No. 3 - Submission of Urine Specimens That Tested Positive for Methamphetamine:** On 3/12/2007 and 3/16/2007, the subject submitted urine specimens at ACCESS that tested positive for methamphetamine. On 3/16/2007, the subject contacted the Probation Office and admitted that he had relapsed over the weekend and had used methamphetamine once. He attributed both positive tests on this one instance of relapse, and a representative from the drug testing laboratory indicated that such a scenario was possible.

On 4/10/2007, the subject submitted a urine specimen at ACCESS that tested positive for methamphetamine. When questioned by USPO Romualdez, the subject stated that he had consumed some soda that had been spiked with methamphetamine by an acquaintance. He initially denied that he had known that the soda had been spiked, but eventually admitted that he had knowingly consumed the methamphetamine-spiked soda.

**Violation No. 4 - Failure to Support Dependents and Meet Family Responsibilities:** On 9/12/2006, the subject was informed that as part of his conditions of supervised release, he was required to support his dependents. The subject acknowledged understanding the condition and agreed to abide by its requirements.

On 4/12/2007, in response to a request from USPO Romualdez, the Child Support Enforcement Agency (CSEA) of the Hawaii Office of the Attorney General indicated that the subject was not in compliance with his child support obligations. Specifically, the CSEA confirmed that the subject had failed to make his required monthly payments of $285 and had an outstanding balance of $17,246.37.

When asked about his child support obligations, the subject stated that he had not been aware of the obligation. On 4/20/2007, the subject was reprimanded and instructed to commence making the required monthly payments. On 5/9/2007, the subject asked USPO Romualdez where he should send his child support payments, and he was directed to forward his payments to the CSEA.

Re:     **DENIS, JR., Charles E.**
        **Criminal No. CR 03-00531SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 3**


On 6/21/2007, USPO Romualdez asked the subject about his child support payments once again. He indicated that he had not been able to send in a payment because he missed several days of work due to an illness. He also assured USPO Romualdez that he would submit a child support payment by 6/22/2007.

On 7/2/2007, USPO Romualdez again asked the subject about his child support payments. The subject admitted that he had not yet sent in a payment, but could not offer an explanation for his failure to do so. He gave USPO Romualdez another assurance that a child support payment would be made by 7/6/2007.

On 7/12/2007, USPO Romualdez followed up once again with the subject with regard to his child support payments. The subject stated that he failed to make a payment on 7/6/2007 because of the many bills that he had to pay. USPO Romualdez instructed the subject to contact the CSEA in order to review his required monthly payments and necessary expenses. USPO Romualdez explained that the CSEA could adjust the required payments based on the subject's income and expenses.

On 7/27/2007, the subject indicated that he had spoken with a representative from the CSEA and that he would be making a child support payment today.

On 8/3/2007, USPO Romualdez asked the subject about his child support payments. The subject then admitted that he had not sent in any payments to the CSEA but added that he had requested a hearing in order to recalculate his required child support payments. He also stated that he was already setting aside funds to accommodate his child support payments.

On 8/10/2007, the subject reported that he had sent in his first payment to the CSEA on Saturday, 8/4/2007. However, when USPO Romualdez contacted the CSEA on 8/9/2007, a representative of the CSEA indicated that the subject had not made any payments toward his continuing child support obligation. On 8/14/2007, this information was confirmed by the subject's ex-girlfriend, who is the mother of the two children for whom the subject is required to pay child support.

On 8/27/2007, after repeated instructions to do so, the subject finally provided to USPO Romualdez his personal identification number and access code to the CSEA's automated information system. The system allows individuals to check the status of their child support accounts by telephone. On the same date, USPO Romualdez checked the status of the subject's account and was informed that as of 8/26/2007, no payments were received for the subject's account.

Re:   **DENIS, JR., Charles E.**
      **Criminal No. CR 03-00531SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 4**


On 8/30/2007, USPO Romualdez again instructed the subject to submit a payment for child support and to submit proof of payment to the Probation Office.

On 10/18/2007, this officer telephonically contacted the subject and questioned him whether he had submitted any child support payments. The subject explained that because USPO Romualdez had been "riding him" about submitting child support payments, he submitted a payment about a month ago. He could not recall the amount he had sent in.

On 10/24/2007, this officer checked the status of the subject's CSEA account and was informed that as of 10/23/2007, no payments were received for the subject's account. The present past due balance is $18,206.36.

**Violation No. 5 - Failure to Participate in a Mental Health Program:** On 9/12/2006, the subject was informed that as part of his conditions of supervised release, he was required to participate in a mental health program or be found not to require such treatment by a competent authority. It should be noted that the subject has an extensive domestic violence history that includes convictions for Abuse of Family or Household Member, Violation of Protective Order, Assault in the Third Degree, and Terroristic Threatening in the Second Degree. On 11/1/2006, USPO Romualdez received an informal assessment that the subject was currently stable and did not require additional mental health counseling. The assessment also indicated that the subject's prior incidents of domestic violence were very particular to the dynamics of the relationship with his ex-girlfriend.

In December 2006, the subject married his new girlfriend. On 1/10/2007, the subject reported that he was already experiencing some difficulties with his new wife. On 2/23/2007, USPO Romualdez instructed the subject to obtain a formal mental health assessment. Less than 3 weeks later, the subject submitted a urine specimen that tested positive for methamphetamine and he admitted that he had relapsed.

On 4/20/2007, 5/11/2007, and 5/21/2007, USPO Romualdez asked the subject about his mental health assessment. He explained his failure to complete the assessment by citing his misunderstanding of USPO Romualdez's instructions, but assured him that he would try to schedule the assessment during the week of 5/28/2007.

On 6/21/2007, the subject indicated that he had not yet completed the assessment, due to his illness and delays at work. However, he assured USPO Romualdez that the assessment would be completed by the end of July 2007.

Re:   **DENIS, JR., Charles E.**
      **Criminal No. CR 03-00531SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 5**

On 7/27/2007, USPO Romualdez received reports from the drug tester at ACCESS that the subject and his wife were experiencing major difficulties and that they were even spending significant periods apart. When USPO Romualdez separately questioned the subject and his wife, they both verified that they were having some problems and experiencing some stress.

Finally, on 8/23/2007, the subject informed USPO Romualdez that he had scheduled a mental health assessment with Dr. Carol Brown on 8/29/2007.

On 8/30/2007, Dr. Brown was contacted and confirmed the subject's participation in a mental health assessment on 8/29/2007. According to Dr. Brown, the subject was required to take home and complete a written psychological evaluation tool (Minnesota Multiphasic Personality Inventory - MMPI) and to return it as soon as possible. Furthermore, Dr. Brown reported that a second session with the subject was needed to complete her evaluation. Based upon this single counseling session, it was Dr. Brown's preliminary analysis that the subject suffers from crystal methamphetamine dependency with induced mood disorder and sever anti-social, explosive personality disorder.

Later that same day, the subject informed USPO Romualdez that he attended a mental health assessment with Dr. Brown on 8/29/2007. He further reported that Dr. Brown instructed him to complete a written assessment called an MMPI and to return the form as soon as possible. USPO Romualdez instructed him to schedule a second session with Dr. Brown by the end of September and to return the completed MMPI by this date.

On 10/18/2007, this officer contacted the subject and questioned him about whether he had attended a second session with Dr. Brown and completed and turned in the MMPI. The subject reported that he turned in the MMPI about 1 week ago, but admitted that he still needed to schedule a second session with Dr. Brown.

On 10/19/2007, a representative from Dr. Brown's office reported that according to records, the subject did not turn in the MMPI and had not contacted their office. The representative indicated that she would have Dr. Brown return this officer's phone call.

On 10/24/2007, Dr. Brown contacted this officer and reported that the subject had not turned in the MMPI and had made no efforts to contact her since their 8/29/2007 session. She indicated that without the subject's cooperation, she cannot complete the mental health assessment and cannot treat him.

Re:   DENIS, JR., Charles E.
      **Criminal No. CR 03-00531SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 6**


   Given the subject's chronic failure to participate in a mental health program, especially in light of the subject's extensive domestic violence history as well as the current problems between the subject and his wife, the subject now presents an unacceptable risk to the community. In addition, his documented relapse into illegal substance abuse, when coupled with his refusals to comply with drug testing and the present stressors in his life, raises serious concerns. Finally, the subject's refusal to comply with court-ordered child support, suggests that he lacks respect for the law.

   Accordingly, it is recommended that a No Bail warrant be issued for the subject's appearance before the Court to show cause why supervised release should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the defendant has been arrested and the warrant duly executed.

                                                    Respectfully submitted by,

                                                    _____
                                                    MARK T. NUGENT
                                                    U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

MTN/pts

Re:   **DENIS, JR., Charles E.**
      **Criminal No. CR 03-00531SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 7**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall abide by the limitations on and prerequisites for acceptable employment, as set by the Probation Office, including the possible requirement that any employment be in a legitimate payroll position.

That the defendant shall comply with the payment of child support, consistent with any court orders, including the possible automatic disbursement of child support payments by the defendant through his employer's payroll manager or human resources department.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     CHARLES E. DENIS, JR.                    Docket No.  CR 03-00531SOM-01

C D   Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of three (3) years commencing upon release from confinement (8/29/2006).

C D   The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

C D The defendant shall not commit another federal, state, or local crime.

C D   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- C D [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- C D [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- C D [x] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

C D (1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

C D (2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

C D (3)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

C D (4)     The defendant shall support his or her dependents and meet other family responsibilities;

C D (5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

C D (6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

C D (7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

C D (8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

C D (9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

C D (10)     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

C D (11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

C D (12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

C D (13)     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

    See next page for special conditions

C D   Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

C D   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Charles E Denis_     9/12/06
          CHARLES E. DENIS, JR., Defendant     Date

_J. Martin Romualdez_     9/12/2006
          J. MARTIN ROMUALDEZ     Date
          U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    CHARLES E. DENIS, JR.
        Docket No. CR 03-00531SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

*CD* 1)    That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

*CD* 2)    That the defendant provide the Probation Office access to any requested financial information.

*CD* 3)    That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

*CD* 4)    That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

*CD* 5)    That the defendant shall have no contact with Kaewanani Compan *CD* unless he has prior permission from the probation officer, including telephone, letters, or direct or indirect contact.

*CD*    These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Charles E Deni_        9/12/06
CHARLES E. DENIS, JR., Defendant    Date

_Martin Romualdez_        9/12/2006
J. MARTIN ROMUALDEZ    Date
U.S. Probation Officer

PROB. 12B
(7/93)

RECEIVED

'07 JUN 26 P2:55

U.S. PROBATION
HONOLULU, HAWAII

# United States District Court

## for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 6 2007

at __ o'clock and __ min __
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CHARLES E. DENIS, JR.     Case Number: CR 03-00531SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence:  2/7/2005

Original Offense:   Count 1: Possession of a Firearm by a Person Previously Convicted of a Misdemeanor Crime of Domestic Violence, in violation of 18 U.S.C. § 922(g)(9), a Class C felony;
Count 2: Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j), a Class C felony

Original Sentence:   Thirty-five (35) months imprisonment as to each count, to run concurrently and to be followed by concurrent 3-year terms of supervised release. The following special conditions were also imposed: (1) that the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; (2) that the defendant provide the Probation Office access to any requested financial information; (3) that the defendant participate in a mental health program at the discretion and direction of the Probation Office; (4) that the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; and (5) that the defendant shall have no contact with Kaewanani Colomban unless he has prior permission from the probation officer, including telephone, letters, or direct or indirect contact.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  8/29/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

General Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition 1:   That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office and which may include residential treatment. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | On 11/24/2006 and 12/7/2006, the subject refused to comply with drug testing imposed as a condition of supervised release, in violation of Special Condition No. 1. |
| 2 | On 3/12/2007, 3/16/2007, and 4/10/2007, the subject submitted urine specimens that tested positive for methamphetamine, in violation of Special Condition No. 1 and Standard Condition No. 7. |
| 3 | From 8/29/2006 to 4/12/2007, the subject failed to comply with his child support obligations, in violation of Standard Condition No. 4. |

On 8/29/2006, the subject commenced his concurrent terms of supervised release. On 9/12/2006, the conditions of supervised release were reviewed with and provided to the subject, who acknowledged understanding all of the conditions. In addition, he was referred to the one-year federal drug aftercare program (DAP) at ACCESS Capabilities, Inc. (ACCESS) on the island of Hawaii and instructed to submit to drug testing as part of his treatment program. Finally, the subject was instructed not to leave the island of Hawaii without the prior approval of the Probation Office.

Prob 12B
(7/93)

3

**Violation No. 1 - Refusal to Comply With Drug Testing:** On 11/24/2006, the subject failed to report for drug testing at ACCESS. The subject later left a voice message for this officer, stating that the drug test had "slipped [his] mind."

Before this officer had an opportunity to discuss with the subject his missed drug test on 11/24/2006, the subject again failed to report for drug testing at ACCESS on 12/7/2006. On this occasion, the subject left the island of Hawaii without the prior permission of this officer and had not yet returned when his drug test was scheduled.

The subject was verbally reprimanded for both of his missed drug tests. In addition, this officer reminded the subject that he was required to abide by all of the conditions imposed by the Court.

**Violation No. 2 - Submission of Urine Specimens That Tested Positive for Methamphetamine:** On 3/12/2007 and 3/16/2007, the subject submitted urine specimens at ACCESS that tested positive for methamphetamine. On 3/16/2007, the subject contacted the Probation Office and admitted that he had relapsed over the weekend and had used methamphetamine once. He attributed both positive tests on this one instance of relapse, and a representative from the drug testing laboratory indicated that such a scenario was possible. He asked the Probation Office for assistance and indicated that he was willing to participate in a higher level of substance abuse treatment. The subject was reprimanded and told that any further violations may result in his being taken before the Court for adverse action. In addition, the subject was enrolled in the Intensive Outpatient Program (IOP) at ACCESS and was continued on the most frequent phase of DAP drug testing.

On 4/10/2007, the subject submitted a urine specimen at ACCESS that tested positive for methamphetamine. When questioned by this officer, the subject stated that he had consumed some soda that had been spiked with methamphetamine by an acquaintance. He initially denied that he had known that the soda had been spiked, but eventually admitted that he had knowingly consumed the methamphetamine-spiked soda. The subject was reprimanded once again. However, the subject's substance abuse treatment counselor indicated that the subject might still benefit from continued participation in IOP. As a result, this officer allowed the subject to continue his participation in IOP. However, the subject also agreed to modify his supervision conditions to accommodate the drug testing language required by U.S. v. Stephens and to reflect new substance abuse treatment language that permitted placement in a residential program, if deemed necessary.

**Violation No. 3 - Failure to Support Dependents and Meet Family Responsibilities:** On 4/12/2007, in response to a request from this officer, the Child Support Enforcement Agency (CSEA) of the Hawaii Office of the Attorney General indicated that the subject was not in compliance with his child support obligations. Specifically, CSEA confirmed that the subject had failed to make his required monthly payments of $285 and had an outstanding balance of $17,246.37. When asked about his child support obligations, the subject stated that he had not been aware of the obligation. The subject was reprimanded and instructed to commence making the

Prob 12B
(7/93)

4

required monthly payments. On 5/9/2007, the subject asked this officer where he should send his child support payments, and he was directed to forward his payments to CSEA.

We recommend that the Court take no further action at this time, as the subject appears to be taking concrete steps to address his problems. In addition, the recommended modifications will permit the Probation Office to administer random drug tests during field contacts throughout the subject's supervision terms.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release.

The Federal Public Defender's Office and the U.S. Attorney's Office have been notified of the proposed modification. The Federal Public Defender's Office took no position on the modifications, and no objections were offered by the U.S. Attorney's Office.

Respectfully submitted by,

*Martin Romualdez*

J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

*Timothy M. J—*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 5/11/2007

Prob 12B
(7/93)

5

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]   Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

JUN 2 5 2007
_____
Date

PROB 49
(5/96)

# United States District Court

District of Hawaii

Waiver of Hearing to Modify Conditions
of Supervised Release

( )  I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

( )  I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]  To modify the conditions of supervision as follows:

General Condition  That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition 1  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office and which may include residential treatment. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: /s/ J. Martin Romualdez
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: /s/ Charles E. Denis
CHARLES E. DENIS, JR.
Supervised Releasee

4/20/2007
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_Charles Deni_
Defendant

Print Name: Charles Denis

Date: 6/21/07